# ROBERT MARINELLI
ATTORNEY AT LAW
305 BROADWAY, 14TH FLOOR
NEW YORK, NEW YORK 10007
(212) 822-1427

February 9, 2012

**BY ECF**
The Honorable Roanne L. Mann
United States Magistrate Judge
U. S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Reason v. City of New York
11-CV-2736 (SLT) (RLM)

Your Honor:

I am the plaintiff's counsel in the above-referenced case. I write to seek sanctions against defendants, pursuant to Fed. R. Civ. P. 37, for failing to comply with a Court order. In addition, I seek to compel discovery responses pursuant to Rule 37(a)(4). I further request that the Court deem defendants' privilege assertions waived, in light of their failure to comply with Local Civil Rule 26.2 and Fed. R. Civ. P. 26(b)(5), and ask the Court to review the documents defendants have withheld and redacted *in camera* to evaluate the propriety of their privilege assertions. Pursuant to Local Civil Rule 37.2 and the Court's Individual Practices, I called defense counsel on February 7 and 8, 2012, in an effort to discuss the issues outlined herein, which have been discussed extensively by e-mail. Messages left on both dates were unreturned as of this writing.

**Failure to Comply with January 17, 2012 Court Order**

On January 17, 2012, Your Honor ordered defendants to produce "all requested disciplinary records by January 27, 2012." Following that order, defendants produced only the CCRB histories for the defendants. The CCRB history for defendant Rogers reveals relevant CCRB complaints that were deemed exonerated, unsubstantiated and "complainant unavailable." The CCRB history for defendant Edmund reveals a relevant CCRB complaint that was deemed exonerated. Neither the IAB resumes nor the Central Personnel Index reports have been produced for any of the defendants. These critical documents and the underlying files, along with all relevant command disciplines and formal instructions (that have also not been produced), were requested in plaintiff's first set of discovery demands.

Despite plaintiff's repeated requests and attempts to meet and confer, defense counsel refuses to provide these records claiming, "files regarding incidents unrelated to the incident giving rise to this lawsuit did not result an a finding of wrongdoing against any officer and thus are not relevant or reasonably calculated to lead to the discovery of admissible evidence. As such, we will not produce them." By letter dated January 27, 2012, defendants indicated that they have also withheld unknown documents on the basis of ongoing investigations. As

explained below, plaintiff is not in a position to evaluate defendants' assertions of privilege because they have failed to provide a log of the documents withheld and redacted as required.

**The Defendants Must Produce the Underlying Files**

As the Hon. Ramon E. Reyes held, "[d]isciplinary records involving complaints of a similar nature, whether substantiated or unsubstantiated, could lead to evidence that would be admissible at trial and thus, are discoverable." *Frails v. City of New York*, 236 F.R.D. 116, 117 (E.D.N.Y. 2006) (internal citations ommitted) (collecting cases). Indeed, courts consistently permit discovery of files underlying allegations of similar misconduct made to the CCRB or IAB or contained in a defendant officer's Central Personnel Index file. *See, e.g., Id.*; *Pacheco v. City of New York*, No. 05-CV-2013 (NG)(VVP), 2006 WL 648057, *1 (E.D.N.Y. Mar. 13, 2006); *Zhao v. City of New York*, 07-CV-3636 (LAK)(MHD), 2007 WL 4205856, *1 (S.D.N.Y. Nov. 21, 2007); *Bradley v. City of New York*, 04-CV-8411 (RWS)(MHD), 2005 WL 2508253 (S.D.N.Y. Oct. 3, 2005); *Morrissey v. City of New York*, 171 F.R.D. 85, 88-89 (S.D.N.Y. 1997); *Malsh v. New York City Police Dept.*, 92-CV-2973 (KTD)(AJP), 1995 WL 217507 (S.D.N.Y. Apr. 11, 1995).

In addition to their relevance to claims against the municipality, *see, e.g., Vann v. City of New York*, 72 F.3d 1040, 1045 (2d Cir. 1995), the files can lead to FED. R. EVID. 404(b) evidence, *see, e.g., Frails*, 236 F.R.D. at 117, as well as relevant witnesses, *see, Pacheco*, 2006 WL 648057, at *1. Moreover, the fact that a complaint may have been withdrawn or is pending does not affect its discoverability:

> Indeed, the courts have repeatedly directed the production of such complaints, whether substantiated or unsubstantiated *or even withdrawn*, as well as records of complaints reflected in the CPI and IAB investigative records, and that documentation has frequently played a role in the courts' analysis of the merits of an array of claims under section 1983.

*Frails*, 236 F.R.D. at 118 (quoting *Bradley*, 2005 WL 2508253, at * 2) (internal quotation omitted) (emphasis added); *Phillips v. City of New York*, 10-CV-2330 (CBA) (VVP) (Oct. 27, 2011) ("Records regarding all [complaints that were determined to be unfounded or in which the officers were exonerated], if they [involve similar allegations of misconduct or false statement] are to be produced.").

**Defendants' Conduct Warrants Sanctions**

Defense counsel's failure to provide these disciplinary files is in contravention of your Honor's January 17, 2012 and the governing case law. Pursuant to Fed. R. Civ. P. 37(b)(2) "[i]f a party. . . fails to obey an order to provide or permit discovery. . . the court where the action is pending may issue further just orders" including, but not limited to, directing that designated facts be taken as established, prohibiting the disobedient party from supporting its defenses, striking defendants' answer, rendering a default judgment against the disobedient party or treating as contempt of court the failure to obey any order. Plaintiff seeks an order from this

Court compelling production of the outstanding material and imposing appropriate sanctions. *See Friends of Animals, Inc. v. U.S. Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997) ("A district court has broad power to impose Rule 37(b) sanctions in response to abusive litigation practices.").

Moreover, Pursuant to Fed. R. Civ. P. 37(b)(2)(C) "[i]nstead of or in addition to the orders above, the court *must* order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure. . ." (emphasis added). Accordingly, plaintiff seeks the imposition of attorneys' fees for being forced to seek Court intervention to compel discovery.

**Failure to Provide Privilege Log and Request for *In Camera* Review**

In their discovery responses, defendants appear to have withheld documents from production, and/or redacted them, on the basis that they "may be privileged" or "implicate[] the attorney work produce (sic)" privilege. Further, as noted above, defendants' January 27th letter suggests that relevant material may have been withheld on the basis that it relates to "incidents where an investigation may be ongoing." Plaintiff does not understand defendants' statements and it is respectfully submitted that they have failed to assert any privileges with adequate specificity.

Further, because defendants have failed to provide a privilege log as required by Fed. R. Civ. P. 26(b)(5) and Local Civil Rule 26.2, plaintiff cannot evaluate any assertions of privilege and any purported assertions should be deemed waived. *See Smith v. Franklin Hosp. Medical Center No.*, 04-CV-3555, 2005 WL 2219294, at *2 (E.D.N.Y. Sept. 25, 2005) ("As other judges in this District and I have repeatedly held, the unjustified failure to list privileged documents on the required log of withheld documents in a timely and proper manner operates as a waiver of any applicable privilege") (quoting *FG Hemisphere Associates, L.L.C. v. Republique Du Congo*, 01-CV-8700, 2005 WL 545218, at *6 (S.D.N.Y. Mar. 8, 2005)) (citations omitted)); *Lugosch v. Congel*, No. Civ. 00-CV-0784, 2006 WL 931687, at *15 (N.D.N.Y. Mar.7, 2006) ("Failure to timely provide the privilege log or objection constitutes a waiver of any of the asserted privileges."); *Kitevski v. City of New York*, No. 04-CV-7402, 2006 WL 680527, at *4 (S.D.N.Y. Mar. 16, 2006) ("The City has failed to provide a privilege log, and has failed to present any justification for that failure. It has, therefore, waived any privilege with respect to the ... records by failing to properly identify the documents, and assert the privilege."); *Smith v. Conway Org., Inc.*, 154 F.R.D. 73, 76 (S.D.N.Y. 1994).

Accordingly, in addition to the relief requested above, plaintiff respectfully requests that defendants be required to submit all documents that have been withheld or redacted in this litigation for *in camera* review, so that the Court may evaluate the propriety of their claims. Finally, plaintiff respectfully requests that any assertions of privilege be deemed waived for defendants' failure to provide a timely log as required.

Thank you for your consideration of this request.

Respectfully,

Robert Marinelli

Copy: Carolyn Depoian, Esq.